

27th Floor
1633 Broadway
New York, NY  10019-6708

**James Rosenfeld**
(212) 603-6455 tel
(212) 603-5455 fax

jamesrosenfeld@dwt.com

July 30, 2015

<u>Via Electronic Filing</u>

The Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *The Wave Studio, LLC v. General Hotel Management, Ltd., et al.*, No. 7:13-cv-9239
      (CS), and *The Wave Studio v. United Airlines, Inc.*, No. 7:15-cv-05392-CS

Dear Judge Seibel:

I write on behalf of defendant United Airlines, Inc. ("United") in accordance with Your Honor's Individual Rules of Practice. Having agreed to stay proceedings against all but one defendant in No. 7:13-cv-9239 ("GHM Action"), Plaintiff The Wave Studio, LLC ("Wave Studio") seeks to move forward in No. 7:15-cv-05392-CS ("United Action"), a lawsuit in which it asserts the same claims over many of the same photographs against another defendant that obtained some or all the photos from the same source, General Hotel Management ("GHM") and/or GHM-managed hotels. United seeks leave to move to stay proceedings in the United Action.

   A.  **Factual background**

Wave Studio first filed suit on December 31, 2013, against United and 83 other defendants, alleging they had infringed Plaintiff's copyright in more than 80 photographs ("GHM Action"). On April 23, 2014, Wave Studio filed an amended complaint. Both complaints alleged the photos had been "exclusively commissioned by GHM." No. 7:13-cv-9239, Dkt. 1 ¶ 96, Dkt. 7 ¶ 74. Both alleged Junior Lee, Wave Studio's member and photographer, "did not disclose the Hotel Photographs to anyone other than GHM." No. 7:13-cv-9239, Dkt. 1 ¶ 99, Dkt. 7 ¶ 76. Thus, Wave Studio alleged it provided the photographs to GHM, and GHM, in turn, supplied them to the other defendants.

On June 18, 2014, GHM sought to stay the proceedings against all other defendants until the Court decided its rights to use the photos, arguing "a finding that GHM had the right to use and distribute the photographs to the other Defendants to market GHM-managed hotels would be case dispositive as to GHM and the vast majority of the Defendants." Letter from GHM, Dkt. 50, at 2. Wave Studio agreed: "Plaintiff is amenable to staying all proceedings as to all other

The Honorable Cathy Seibel
July 30, 2015
Page 2

Defendants beside GHM while the Plaintiff and GHM litigate the issue of whether GHM owns 'use and distribution' rights to Plaintiff's copyrighted works." Dkt. 60.  Thus, on July 3, 2014, the court stayed the matter "as to all Defendants with the exception of [GHM]." Dkt. 67.  *See also* Apr. 24, 2015 Docket Entry (stating stay remains in effect).

Wave Studio then filed eight new cases in the federal district court for the Northern District of California, alleging infringement of many of the same photos.  *See The Wave Studio, LLC v. Mastercard Int'l, Inc.*, No. 3:14-cv-01342-RS (N.D. Cal. Mar. 24, 2014); *The Wave Studio, LLC v. Visa, Inc.*, No. 3:15-cv-00239-JST (N.D. Cal. Jan. 16, 2015); *The Wave Studio, LLC v. American Express Co.*, No. 3:15-cv-00354-WHA (N.D. Cal. Jan. 26, 2015); *The Wave Studio, LLC v. United Airlines, Inc.*, No. 4:15-cv-00818-YGR (N.D. Cal. Feb. 23, 2015); *The Wave Studio, LLC v. AOL Inc.*, No. 3:15-cv-00814-SI (N.D. Cal. Feb. 23, 2015); *The Wave Studio, LLC v. Virgin Am., Inc.*, No. 3:15-cv-00952-MMC (N.D. Cal. Mar. 2, 2015); *The Wave Studio, LLC v. British Airways PLC*, No. 5:15-cv-01341-LHK (N.D. Cal. Mar. 23, 2015); *The Wave Studio, LLC v. Amadeus N.A., Inc.*, No. 3:15-cv-01364-RS (N.D. Cal. Mar. 24, 2015).  Wave Studio initially opposed efforts to transfer these cases to this Court, until the California federal court granted a motion to transfer.  Five transfers are complete, and a sixth is pending.  *See* Dkt. 27; *Mastercard Int'l, Inc.*, Dkt. 43 (S.D.N.Y. Oct. 10, 2014); *Virgin Am., Inc.*, Dkt. 31 (N.D. Cal. July 28, 2015); *American Express Co.*, Dkt. 28 (S.D.N.Y. Apr. 30, 2015); *Visa, Inc.*, Dkt. 36 (S.D.N.Y. June 15, 2015).  *See also AOL Inc.*, Dkt. 36 (N.D. Cal. July 27, 2015).

The complaint in this case alleges United is responsible for infringing photos on hotels.continental.com, including more than 60 photos already at issue in the GHM Action.  Wave Studio should and could have brought these claims against United in the GHM Action.  United and Continental Airlines, Inc.—both subsidiaries of United Continental Holdings, Inc. since 2010—merged March 31, 2013, nine months before Wave Studio filed the GHM Action.  Moreover, in March 2012, United and Continental moved to a common website, united.com; visitors to continental.com were redirected to united.com at that time.

Upon service of the complaint, United asked Wave Studio to agree to (1) transfer the case to this Court; (2) consolidate the United and GHM Actions; and (3) stay the matter, consistent with the existing stay.  Wave Studio agreed to a transfer and consolidation but contested the propriety of a stay, unless United could provide proof it obtained the images from GHM.  On July 29, 2015, counsel for United informed counsel for Wave Studio that United could confirm that at least some (if not all) of the images were ultimately supplied by GHM or GHM-managed hotels.  Counsel for Wave Studio nonetheless refused to stipulate to a stay.

### B.  A Stay is Appropriate

United seeks leave to move for a stay for two primary reasons.

DWT 27232676v6 0057282-000010

The Honorable Cathy Seibel
July 30, 2015
Page 3

First, a stay will promote judicial economy.  Wave Studio has admitted it supplied the photos *only* to GHM.  *See* Amended Complaint Dkt. 7 ¶74.  It *agreed* to stay the action pending a decision whether "GHM owns 'use and distribution' rights to Plaintiff's copyrighted works."  Dkt. 60.  And this Court has stayed the GHM Action against all other defendants—including United—to resolve "the issue of the rights between the plaintiff and GHM."  Transcript of July 2, 2014 Conference at 15.  The same reasons that compelled a stay then compel a stay now.  No other defendant should have to wage a lengthy, costly battle against Wave Studio when the Court may ultimately find GHM had the rights to supply the images to its co-defendants.  *See Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (ordering stay where "[t]he question of liability for damages will, in all likelihood, turn upon" another decision); *Flo & Eddie, Inc. v. Sirius XM Radio Inc*., 2015 U.S. Dist. LEXIS 17374, *10 (S.D.N.Y. Feb. 10, 2015) (granting stay pending interlocutory appeal; "[J]udicial economy strongly favors staying the proceedings pending resolution of the legal question at the core of this action.").

In opposing a motion to stay filed by American Express, Wave Studio argues that because GHM claims it has an implied license to distribute its photographs, even if it prevails, the "subsequent distribution of [the photographs] by recipients of photographs from GHM… cannot be subject to an implied license to GHM."  July 17, 2015 Letter from Wave Studio, Dkt. 47.  In fact, GHM argues it had an implied license from Wave Studio that included use of the photos by third parties.  It also claims to *own* the copyright in the images under Singapore copyright law.  *See, e.g.,* July 28, 2015 Letter from GHM, Dkt. 135 (characterizing "threshold issue" as whether GHM had an "implied license" or whether "it and/or its managed hotels are the rightful owners of the photographs…").  A decision in GHM's favor on either issue will dispose of this lawsuit.

Second, refusing to stay the action will allow Wave Studio to violate the well-established rule that "plaintiffs may not file duplicative complaints … to expand their legal rights."  *Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000).  Plaintiff has already agreed to a stay, and "[n]ew counsel cannot be permitted to disaffirm a stipulation entered into by his predecessor."  *In re Benedict*, 90 F.3d 50, 55 (2d Cir. 1996); *see also Davidowitz v. Patridge*, 2010 WL 1779279, *4 (S.D.N.Y. 2010) (refusing to excuse oversight by prior counsel because "litigants are generally bound by the professional conduct of the attorneys they choose to represent them").  Plaintiff cannot circumvent the stay to which it agreed by filing a new complaint.

For these reasons, United respectfully asks for leave to file a motion to stay the United Action until and unless this Court lifts the stay in the GHM Action.

The Honorable Cathy Seibel
July 30, 2015
Page 4

Thank you for the Court's attention to this matter.

                                                     Respectfully submitted,

                                                     James Rosenfeld

cc:    Vijay Toke, Nate A. Garhart, Cobalt LLP, Attorneys for Plaintiff The Wave Studio, LLC