**ROBINS KAPLAN**LLP

1325 AVENUE OF THE AMERICAS
SUITE 2601
NEW YORK, NY  10019

212 980 7400 TEL
212 980 7499 FAX
ROBINSKAPLAN.COM

GABRIEL BERG
212 980 7458 TEL
GBERG@ROBINSKAPLAN.COM

November 7, 2023

**VIA ECF**
Hon. Cathy Seibel
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*,
      Case No. 7:13-cv-09239-CS-PED[1]

Dear Judge Seibel:

      We are new counsel to The Wave Studio, LLC.  We write to request a pre-motion conference on Plaintiff's Motion to Lift the Stay in the consolidated action, *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No. 7-13-cv-09239-CS-PED.

      Almost ten years ago, Plaintiff, The Wave Studio, LLC ("Wave") sued Defendant General Hotel Management LTD ("GHM") and dozens of other Defendants in this Court for copyright infringement.  GHM moved for summary judgment, and in 2017 the Court granted GHM's motion on forum *non conveniens* grounds.  ECF No. 209 (Summary Judgment Opinion).  The Court was "persuaded that Singapore copyright law is well developed and that Plaintiff can adequately pursue its claims in Singapore," and ordered Wave to resolve its claims against GHM in Singapore.  *Id.* at 14.

---

[1] The above-captioned case consolidates and jointly administers the following cases: (1) *The Wave Studio, LLC v. Amadeus North America, Inc., et al.,* Case No. 7:15-cv-06995-CS; (2) *The Wave Studio, LLC v. American Express Company,* Case No. 7:15-cv-03420; (3) *The Wave Studio, LLC v. AOL Inc., et al.,* Case No. 7:15-cv-05962-CS; (4) *The Wave Studio, LLC v. Booking Holdings Inc., et al.,* Case No. 7:21-cv-02691-CS; (5) *The Wave Studio, LLC v. British Airways PLC, et al.,* Case No. 7:15-cv-07950-CS; (6) *The Wave Studio, LLC v. Citibank N.A., et al.,* Case No. 7:22-cv-05141; (7) *The Wave Studio, LLC v. General Hotel Management Ltd. et al.,* Case No. 7:13-cv-09239-CS-PED; (8) *The Wave Studio, LLC v. Groupon, Inc., et al.,* Case No. 7:17-cv-03589-CS; (9) *The Wave Studio, LLC v. United Airlines, Inc.,* Case No. 7:15-cv-05392-CS; (10) *The Wave Studio, LLC v. Virgin America Inc., et al.,* Case No. 7:15-cv-05960-CS; (11) *The Wave Studio, LLC v. Visa, Inc.,* Case No. 7:15-cv-04953-CS.

Hon. Cathy Seibel
November 7, 2023
Page 2

Meanwhile, the Court stayed Wave's claims against all other Defendants "pending the resolution" of the Singapore Action. *Id.* at 22.

Wave decidedly won the Singapore Action. After a nine-day trial, in January 2022, the High Court of Singapore rendered a complete Plaintiff's verdict on liability. *See The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR, ECF No. 13, Exhibit 1. The Singapore Court found that: (1) Wave owned all of the photographs used by GHM at the time of their creation; (2) Wave currently owns the copyrights in all of the photographs used by GHM; (3) Defendants failed to prove an implied assignment of copyrights to GHM; (4) Defendants infringed on Wave's copyrights by using Wave's copyrighted photographs; and (5) GHM's defenses of laches, acquiescence and estoppel failed. *Id.* A year later, the Singapore High Court Appellate Division affirmed the decision and dismissed GHM's appeal. *Id.* at ECF No. 13, Exhibit 2. GHM did not further appeal. Wave and GHM later settled the dispute, and the High Court of Singapore issued a consent order memorializing the settlement -- ending the Singapore Action.

With the Singapore Action complete, this case is now ripe to continue in this Court. Accordingly, Wave hereby requests a pre-motion conference to seek permission to file a Motion to Lift the Stay of the consolidated action on the grounds that the Singapore action has fully resolved, and the purpose of the stay has been fulfilled. Only once the stay has been lifted can Wave pursue its claims against the remaining Defendants for their violations of Wave's copyrights.

Courts in this District regularly stay domestic cases with the intention of lifting the stay depending on the outcome of the foreign litigation. *Tarazi v. Truehope Inc.*, 958 F. Supp. 2d 428, 438 (S.D.N.Y. 2013) (holding that depending on the outcome of the foreign action "the stay will dissolve" and the domestic action will proceed); *Argus Media Ltd. v. Tradition Fin. Servs. Inc.*, No. 09 CIV. 7966 (HB), 2009 WL 5125113, at *6 (S.D.N.Y. Dec. 29, 2009) (pledging to lift stay if foreign action not resolved expeditiously); *In re Hellas Telecommunications (Luxembourg) II SCA*, 555 B.R. 323, 330 (Bankr. S.D.N.Y. 2016) ("If the U.K. Action results in a judgment against the U.S.-based defendants, the stay may be lifted").

Plaintiff urges Defendants to consent to the lifting of the stay to avoid unnecessary motion practice. In the event that Defendants refuse to consent to the lifting of the stay, Plaintiff's seek a pre-motion conference to request permission to file the motion.

Respectfully Submitted,

*Gabriel Berg*

Gabriel Berg
Partner
